UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TERESA CARTER**, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> **CARLOS DEL TORO**, in his official capacity as Secretary of the Navy, <br><br> *Defendant.* | Case No. 1:20-cv-01702-RCL |

## MEMORANDUM ORDER

This Court recently issued a memorandum opinion in the class action *Torres v. Del Toro*, which involved a challenge to the Navy's Properly Referred Policy as administered between September 12, 2016 and June 11, 2018. No. 1:21-cv-306-RCL, 2022 WL 5167371 (D.D.C. Oct. 5, 2022). In that opinion, the Court held that the Department of the Navy's "Properly Referred Policy . . . was unlawful in its effect on the physical evaluation board decisions" rendered for the named plaintiff in that case as well as similarly situated class members. *Id.* at *9. The Court therefore ordered that "[t]he physical evaluation board decisions for each class member" be "VACATED and SET ASIDE." Order, *Torres v. Del Toro*, No. 1:21-cv-306-RCL, ECF No. 67. The case was then "REMAND[ED] to the Secretary of the Navy for further proceedings consistent with the Court's memorandum opinion and relevant law." *Id.*

In July 2020, plaintiffs filed this action challenging the same Properly Referred Policy as the one at issue in *Torres*. Complaint, ECF No. 3. In 2021, plaintiffs and the government agreed that the plaintiffs here were "putative class members in the *Torres* class action." Joint Status Report, ECF No. 32. This Court then granted the government's motion to stay this case to consider consolidation with *Torres*. Order, ECF No. 40. Plaintiffs moved to lift that stay in July 2022.

1

Mot., ECF No. 41, and briefing on that motion was ripe when the Court issued its memorandum opinion in *Torres*.

Given the resolution of the *Torres* case, this Court ordered the parties in this case to supplement their briefing on lifting the stay and "explain whether there is any reason why this case should not be dismissed, particularly given that plaintiffs were [previously] described . . . as putative class members in the *Torres* class action." Minute Order (Oct. 6, 2022). Both parties filed such a supplement. Pls.' Supp. Mem., ECF No. 47; Def.'s Resp., ECF No. 48.

In their supplemental briefing, plaintiffs ask this Court to take several actions. First, plaintiffs ask that judgment be entered in their favor. Pls.' Supp. Mem. 2. Second, they ask this Court to remand to the Secretary

> for a replacement PEB proceeding for each Plaintiff to: (i) permit Plaintiffs to submit evidence on any non-referred conditions, with instructions for the final combined disability rating decisions for Plaintiffs to be recalculated by combining the original Department of Defense ("DoD") disability rating with the disability rating(s) awarded by the replacement PEB, and (ii) hold an informal, and if requested, a formal PEB evaluation to review de novo the fitness of all of Plaintiffs' non-referred conditions.

*Id.* Third, they request that the Court retain jurisdiction "pending final resolution of Plaintiffs' replacement PEB proceeding to enable Plaintiffs to return to this Court to file an amended complaint should the need arise." *Id.*

The Secretary asks this Court to dismiss this case as moot because plaintiffs no longer have standing. Def.'s Resp. 2. Under the government's theory, "the Plaintiffs have fully received the relief that they sought in this case due to a favorable decision in *Torres*" and thus their case is moot. *Id.*

Upon review of the briefing and applicable law, this Court will **GRANT** plaintiffs' motion to lift the stay and **DISMISS** this case as moot.

2

## I. LEGAL STANDARDS

"Article III's case-or-controversy requirement limits [the subject-matter jurisdiction of] federal courts to adjudicating 'actual, ongoing controversies.'" *Ruseva v. Rosenberg*, 490 F. Supp. 3d 320, 322 (D.D.C. 2020) (quoting *Honig v. Doe*, 484 U.S. 305, 317 (1988)). "A case becomes moot—and therefore no longer a Case or Controversy for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (internal quotation marks and citation omitted). "This occurs when, among other things, the court can provide no effective remedy" *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013). For example, a case is moot when "intervening events make it impossible to grant any effectual relief or if a party has already obtained all the relief that it has sought." *Porzecanski v. Azar*, 943 F.3d 472, 479 (D.C. Cir. 2019) (internal quotation marks and citations omitted).

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). In other words, even when "neither party presents the issue, a court must dismiss a case when it lacks subject matter jurisdiction." *Masoud v. Suliman*, 816 F. Supp. 2d 77, 79 (D.D.C. 2011).

## II. DISCUSSION

Plaintiffs' lawsuit against the Secretary is moot because the Court's decision in *Torres* both (1) provided all the relief due to plaintiffs and (2) vacated the Secretary's challenged actions, leaving plaintiffs with no additional avenues for relief.

### A. Plaintiffs Have Received All of the Relief They Are Due

First, plaintiffs have already received all the relief they are due through the *Torres* decision and are not entitled as a matter of course to a separate injunction or declaratory judgment.

The *Torres* class action was certified under Federal Rule of Civil Procedure 23(b)(2) which requires "that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2); *Torres v. Del Toro*, No. 1:21-cv-306-RCL, 2021 WL 4989451, at *5, 8 (D.D.C. Oct. 27, 2021). "The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted'" where "a single injunction or declaratory judgment would provide relief to each member of the class." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011) (citation omitted). In fact, Rule 23(b)(2) "does not authorize class certification when each individual class member would be entitled to a *different* injunction or declaratory judgment against the defendant." *Id.* (emphasis in the original).

In September 2022, this Court ruled in favor of the *Torres* class and declared the Properly Referred Policy "unlawful in its effect on the physical evaluation board decisions." *Torres*, 2022 WL 5167371 at *9. The Court remanded to the Secretary "for further proceedings consistent with the Court's memorandum opinion and relevant law." Order, *Torres v. Del Toro*, No. 1:21-cv-306-RCL, ECF No. 67. Determining that the class members were entitled to a single overarching judgment, the Court rejected the class's request for additional relief beyond "set[ting] aside the action it [] found unlawful and then remand[ing] to the agency for next steps consistent with the clarified legal standard." *Torres*, 2022 WL 5167371 at *8.

Given that this Court's *Torres* decision granted all of the relief that the class was due, it would now be inappropriate to issue a different or further injunction or declaratory judgment in these plaintiffs' favor. They are putative class members who were subject to the judgment in *Torres*. Joint Status Report, ECF No. 32; Def.'s Resp. 5 (agreeing that plaintiffs here are class members in *Torres*). The purpose of a Rule 23(b)(2) class action is to resolve the legality of a defendant's action or actions through a single judgment applicable to the entire class and thus

obviate the need for additional litigation. Fed. R. Civ. P. 23(b)(2), advisory committee note to 1966 amendment. The *Torres* decision is exactly the kind of "*final* relief" contemplated. *See id.* (emphasis added); *Wal-Mart Stores*, 564 U.S. at 360. A follow-on judgment here would therefore be inappropriate.

### B. There Is No Further Relief to Award Plaintiffs

Second, even beyond the nature of the Rule 23(b)(2) class action, there is no more relief for this Court to issue. In their Complaint, plaintiffs requested the following relief:

> A. Declare that the Director of the Secretary of the Navy Council of Review Boards' "Properly Referred Policy" implemented and enforced from September 12, 2016 until June 11, 2018, violated statutory authority and Department of Defense directives;
>
> B. Declare that the Director of the Secretary of the Navy Council of Review Boards' actions in making its fitness determinations for Plaintiffs were arbitrary, capricious, an abuse of discretion, and not in accordance with law;
>
> C. Order that the PEB's disability rating decisions resulting in the denial of medical retirement for Plaintiffs be vacated and set aside;
>
> D. Order that the Director of the Secretary of the Navy Council of Review Boards must conduct a PEB evaluation for Plaintiffs on a *de novo* basis with consideration properly given to all of Plaintiffs' respective medical conditions;
>
> E. Award Plaintiffs interest and attorneys' fees and costs incurred in bringing and maintaining this action pursuant to 28 U.S.C. § 2412, and other applicable authorities; and
>
> F. Grant Plaintiffs such other and further relief as the Court may deem necessary and appropriate.

ECF No. 3 at 25.

Each category except Section E has been resolved. Pursuant to *Torres*, the Court has already awarded the relief requested in Sections A–C by holding the Secretary's actions unlawful, setting them aside, and then remanding the case so that the Secretary can consider next steps under

the clarified legal standard. *Torres*, 2022 WL 5167371 at *8–9. Plaintiffs' requested relief labeled D and F were already rejected for the entire class. *Id.* And since the Court in *Torres* determined that it could not issue further relief and subsequently vacated, set aside, and remanded the relevant agency actions, there is no more relief for this Court to provide.

Plaintiffs do have one viable remaining request for relief in the form of attorneys' fees and costs. However, "[a] request for attorneys' fees does not rescue a case that is otherwise moot," *Bakhaje v. Blinken*, No. 1:22-cv-642-RCL, 2022 WL 9943852, at *1 n.2 (D.D.C. Oct. 17, 2022), and therefore that final avenue of relief cannot be a basis for this Court to exercise subject-matter jurisdiction.

*   *   *

There is no additional remedy for this Court to issue beyond what these plaintiffs have already received. The relevant actions have been vacated, set aside, and are now sitting on remand with the Secretary of the Navy. Because there is nothing more for this Court to do in aid of plaintiffs' civil action, their case is moot. *See Porzecanski*, 943 F.3d at 479.[1]

### III. CONCLUSION

Based on the reasoning above, it is hereby **ORDERED** that plaintiffs' motion to lift the stay in this case is **GRANTED**. It is further **ORDERED** that this case be **DISMISSED WITHOUT PREJUDICE** as moot.

It is **SO ORDERED**.

Date: November 28, 2022

Royce C. Lamberth
United States District Judge

---

[1] Plaintiffs' request that the Court retain jurisdiction while the Secretary acts on remand cannot be granted because a court does not have the ability to retain jurisdiction over a moot case. *See Ruseva*, 490 F. Supp. 3d at 323. Furthermore, the Court rejected the same request in *Torres*. 2022 WL 5167371 at *8–9.